IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TAMMY DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-20-301-STE |
| | ) |
| ANDREW M. SAUL, | ) |
| **Commissioner of the Social Security** | ) |
| **Administration,** | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability insurance benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **AFFIRMS** the Commissioner's decision.

### I.   PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's application for benefits. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 20-30). The Appeals Council denied Plaintiff's

request for review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. See Fischer-Ross v. Barnhart, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 404.1520. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity Since July 15, 2015, the alleged onset date. (TR. 22). At step two, the ALJ determined Ms. Davis had the following severe impairments: lumbar degenerative joint disease and left knee degenerative joint disease. (TR. 22). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 23).

At step four, the ALJ concluded that Ms. Davis retained the residual functional capacity (RFC) to perform "the full range of light work as defined in 20 CFR 404.1567(b). (TR. 24). With this RFC, and adopting the testimony of a vocational expert (VE), the ALJ concluded at step four that Plaintiff was able to perform her past relevant work involving child care attendant, cafeteria attendant, deli worker, cashier checker, and courtesy cashier. (TR. 28). Even so, the ALJ made additional findings at step five. There, the ALJ determined that Plaintiff would be considered "not disabled" based on application of the Medical-Vocational Guidelines found at 20 C.F.R. Part 404, Subpart P, Appendix 2 ("the Grids"). See Social Security Ruling 83-11, Titles II And XVI: Capability to Do Other Work--the Exertionally Based Medical-Vocational Rules Met, 1983 WL 31252 at (1983) (allowing

application of "the Grids" when the claimant can perform all of the exertional demand at a given level of exertion, i.e.—a full range of "light" work). (TR. 29).

### III. ISSUE PRESENTED

On appeal, Plaintiff alleges the RFC lacked substantial evidence. (ECF No. 18:3-7).

### IV. STANDARD OF REVIEW

This Court reviews the Commissioner's final decision "to determin[e] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence … is more than a mere scintilla … and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. at 1154 (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

### V. THE RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE

As stated, the ALJ concluded that Ms. Davis was capable of performing the full range of light work as defined in 20 C.F.R. §404.1567(b). (TR. 24). According to Ms.

Davis, the RFC lacks substantial evidence because her lumbar degenerative joint disease "severely impacts her to a greater extent than the ALJ found in his RFC." (ECF No. 18:3). The Court rejects Plaintiff's argument.

### A.   Standard of Review for Evaluating a Substantial Evidence Claim

A decision is based on substantial evidence where it is supported by "relevant evidence ... a reasonable mind might accept as adequate to support a conclusion." *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). A decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record[,]" *Langley,* 373 F.3d at 1118, or "constitutes mere conclusion." *Musgrave v. Sullivan,* 966 F.2d 1371, 1374 (10th Cir. 1992). The agency decision must "provide this court with a sufficient basis to determine that appropriate legal principles have been followed." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005). Therefore, although an ALJ is not required to discuss every piece of evidence, "the record must demonstrate that the ALJ considered all of the evidence," and "the [ALJ's] reasons for finding a claimant not disabled" must be "articulated with sufficient particularity." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996).

### B.   The ALJ's Evaluation of the Evidence

In concluding that Plaintiff could perform the full range of light work, the ALJ examined Plaintiff's subjective complaints and the related medical evidence. (TR. 25-28). The ALJ began by noting that Ms. Davis had alleged a disability beginning on July 15, 2015 due, in part, to degenerative disc disease (DDD). (TR. 25). Plaintiff had alleged that

the DDD caused chronic low back pain, radiculopathy, and limited range of motion. (TR. 25). According to Ms. Davis, and as noted by the ALJ, the DDD:

- limited her lifting ability to only 5 pounds;
- allowed her to sit or stand no more than 15 minutes at a time,
- required her to frequently change positions; and
- caused difficulty with walking, bending, squatting, kneeling, and climbing stairs.

(TR. 25).

Regarding the medical evidence, the ALJ noted that shortly before the onset date in June 2015, Plaintiff had injured her back at work. (TR. 25). The ALJ summarized the medical evidence through the remainder of 2015, noting that Plaintiff:

- Visited the emergency room on the day of the injury, and was diagnosed with a lumbar strain;
- Was evaluated in connection with a worker's compensation claim by Dr. Lance Rosson, who noted Plaintiff suffered from lumbar spasms, diffuse tenderness, and limited range of motion; and
- Completed seven sessions of physical therapy.

(TR. 25; *see* 251-252, 354-356. 396). Following physical therapy, a November 2015 MRI scan revealed:

- Small right paracentral disc protrusion with mild central stenosis at the L1-L2 vertebra;
- A small L2-L3 disc protrusion and annular tear with mild right foraminal stenosis; and
- A small L3-L4 disc protrusion contacting the existing left L3 nerve.

5

(TR. 245-246). The ALJ noted the MRI findings in his summary of the evidence. *See* TR. 25. The ALJ continued summarizing the medical evidence, noting that Plaintiff "did not seek or receive any treatment for her impairment during 2016 or 2017." (TR. 25).

In February 2018, Ms. Davis was examined by Dr. Catherine Fusilier who noted that Plaintiff had a full range of motion in all extremities and suffered no pain to light palpation to her back. (TR. 296). Dr. Fusilier also stated that Plaintiff's straight leg raises were negative bilaterally and Plaintiff had normal sensation and reflexes. (TR. 296). The ALJ noted Dr. Fusilier's findings in the decision. (TR. 25). Finally, the ALJ remarked on Plaintiff's treatment with her primary care treating source, APRN Robert Stramski. The ALJ noted that in February 2018, Plaintiff saw Mr. Stramski, but she did not complain of knee or back pain, and in October 2018, Plaintiff visited Mr. Stramksi to complete disability paperwork, but no physical examination was performed. (TR. 26).

### C.     The RFC was Supported by Substantial Evidence

Ultimately, the ALJ concluded that Plaintiff could perform the full range of light work with no additional limitations. (TR. 24). Ms. Davis, however, argues that additional limitations are warranted and the RFC lacks substantial evidence based on:

- her subjective complaints of pain;

- physical examination findings on June 24, 2015 from Dr. Sameer Zafar which showed reduced range of motion;

- a June 24, 2015 x-ray which showed "mild multifocal degenerative disc disease;

- findings from a July 1, 2015 physical therapy visits which demonstrated limited range of motion and pain in Plaintiff's lumbar spine;

- A July 10, 2015 opinion from Dr. Zafar noting that Plaintiff suffered from "continued reduction of lumbar sacral extension;"

- Findings from Plaintiff's final physical therapy visit on July 30, 2015 noting complaints of pain, limited range of motion, positive straight-leg testing and tenderness in multiple areas;

- A July 31, 2015 notation from Dr. Rosson which noted tenderness to palpation in Plaintiff's mid to power lumbosacral region, joint tenderness, decreased range of motion and positive straight-leg raising on her left side;

- The November 2015 findings from the MRI as noted above; and

- Dr. Fusilier's finding that Plaintiff's back flexion was "70/90."

(ECF No. 18:3-8). The Court disagrees.

Following his summary of the medical evidence and subjective complaints, the ALJ concluded that "the medical record supports the existence of the claimants' impairments, but the evidence does not support the alleged frequency and severity of the claimant's symptoms and limitations." (TR. 26). In support of this finding, the ALJ noted:

- Plaintiff's "minimal treatment" for her back and knee impairments since the alleged onset date;

- Plaintiff's explanation regarding lack of money to seek treatment, while at the same time admitting that she is a regular smoker which costs "significant money;"

- No evidence of motor of sensory loss or significant gait disturbance;

- Findings of only "mild degeneration" in Plaintiff's lumbar spine on the MRI; and

- Plaintiff's ability to cook for her family, drive regularly, and perform light housecleaning.

(TR. 26-27). Thus, the ALJ concluded that "to the extent the claimant's impairments cause limitations, the undersigned has accounted for those restrictions by formulating the residual functional capacity above, which limited the claimant to light work." (TR. 27).

Regarding the objective findings on which Plaintiff relies, the ALJ considered the same in evaluating the RFC. Regarding the opinion evidence, the ALJ acknowledged Dr. Zafar's June 24, 2015 findings, but also noted that the physician found negative straight leg raise testing, normal gait, and that Plaintiff was neurologically intact. (TR. 25; 354-356). Ultimately, the ALJ found this opinion "unpersuasive" because it was explicitly limited to the three days (through June 27, 2015). (TR. 27). Although the ALJ did not explicitly mention Dr. Zafar's July 10, 2015 opinion that Plaintiff continued to suffer from a "reduction of lumbar sacral extension," the ALJ found Dr. Zafar's opinions as a whole unpersuasive as he did not have the opportunity to review the entire record, including later evidence and hearing testimony. (TR. 27).

The ALJ also found Dr. Rosson's opinion unpersuasive, noting that: (1) the opinion was not "specific enough;" (2) the physician failed to cite any objective evidence in support; and (3) Dr. Rosson did not have the opportunity to review the entire record, including later evidence and hearing testimony. (TR. 27).

The ALJ adopted the State Agency opinions of Drs. David Bailey and William Oehlert, who had determined that Plaintiff was capable of performing a full range of light work, finding the opinions "very persuasive." (TR. 27). In doing so, the ALJ noted that the opinions "are supported by and consistent with the examination findings of Dr. Fusilier [and] … the radiographic imaging and claimant's reported activities of daily living." (TR.

8

27). Finally, the ALJ acknowledged Plaintiff's physical therapy sessions, noting that ultimately, physical theory "did not resolve [Ms. Davis'] symptoms" but that further treatment was not approved. (TR. 25).

Ms. Davis argues that the ALJ erred by finding a light RFC without any additional limitations. According to Plaintiff, her "range of motion findings and subjective complaints of pain" limit her "to a greater extent than the ALJ allows for in his RFC,"[1] although Ms. Davis does not indicate what she believes those limitations would be. See Terwilliger v. Commissioner, Social Security Administration, 801 F. App'x 614, 622 (10th Cir. 2020) ("[Plaintiff] identifies no inconsistency between the RFC for a limited range of light work and [various] diagnoses, nor does he explain how the diagnoses translate to any specific functional limitations that are inconsistent with the RFC. Indeed, without any specific functional limitations, there is no obvious impact on the RFC, as the diagnoses alone do not automatically establish he was disabled.").

Plaintiff argues that the ALJ's RFC finding is unsupported by substantial evidence, but the Court disagrees. The ALJ considered Plaintiff's subjective complaints of pain, the objective findings, and opinions from multiple physicians who evaluated Plaintiff's DDD. See supra. The ALJ adequately explained his treatment of Plaintiff's subjective complaints and various medical source opinions, and those explanations were supported by evidence in the record. The Court will not re-weigh the evidence to reach a different conclusion. See Wall v. Astrue, 561 F.3d 1048, 1069 (10th Cir. 2009) (where substantial evidence

---

[1] (ECF No. 18:7).

9

supports the decision, "we may not reweigh the evidence or try the issues de novo in order to advance a different view" (internal quotation marks omitted)). Accordingly, the decision of the Commissioner is affirmed.

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the foregoing analysis, the Court **AFFIRMS** the Commissioner's decision.

ENTERED on January 28, 2021.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE